WILLIAM CRAIG, PLAINTIFF, v. JAMES E. PERRY, DEFENDANT.

Submitted October term, 1929—Decided March 3, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Joseph J. Weinberger.*

*Contra, Feder & Rinzler.*

PER CURIAM.

Plaintiff was crossing on foot, Lexington avenue at Clifton avenue, in Clifton, crossing from east to west. He asserts that he was crossing at and upon the crosswalk. Defendant was driving his car south on Lexington avenue. Plaintiff was struck by the bumper of defendant's car and injured. He has a verdict of $2,000, which we are asked to set aside because, it is urged, it is against the weight of the evidence.

Plaintiff says that when he started to cross the highway the traffic signal light at that point showed a green light for east and west traffic and that he proceeded to cross from the east side of Lexington avenue to, and into, the westerly side within the lane for south-bound traffic when and where he was struck by defendant's car, and that he did not at any time see the car.

Defendant insists that as he approached the intersection of the two avenues, the traffic light, before referred to, showed

green for north and south traffic on Lexington avenue; that as he approached the intersection, he shifted into a lower gear, reduced his speed and proceeded across the intersection; that although he had the bright headlights on his car lighted, which permitted a vision three hundred feet ahead, he at no time saw plaintiff until his car struck him, although he, in driving, was looking straight ahead.

It is admitted that during the afternoon of the happening plaintiff had had three drinks of whiskey. There was, however, no proof that he was intoxicated.

The happening complained of took place at seven o'clock in the evening and during a drizzling rain.

The only witnesses to the happening were the plaintiff and defendant. From the proofs a fair jury question was presented and we are unable to see how their finding, under the circumstances, can be said to be so clearly against the weight of the evidence as to warrant a setting aside of the verdict.

The rule to show cause will be discharged.